# United States Bankruptcy Court
## Northern District of Indiana

In re: **Robert Phillips**, **Teena Shyree Phillips**, Debtor(s)

Case No. **16-21541**
Chapter **13**

## AMENDMENT COVER SHEET

Amendment(s) to the following petition, list(s), schedule(s) or statement(s) are transmitted herewith:
**Fourth Amended Chapter 13 Plan**

## NOTICE OF AMENDMENT(S) TO AFFECTED PARTIES

Pursuant to Federal Rule of Bankruptcy Procedure 1009(a), I certify that notice of the filing of the amendment(s) listed above has been given this date to any and all entities affected by the amendment as follows:

Date: 10/20/16

**Frederick L. Carpenter**
Attorney for Debtor(s)
Daniel L. Freeland & Associates, P.C.
9105 Indianapolis Boulevard
Highland, IN 46322
219.922.0800 Fax:219.922.1261
dlf9601b@aol.com

# United States Bankruptcy Court
## Northern District of Indiana

In re: **Robert Phillips**
**Teena Shyree Phillips**
Debtor(s)

Case No. **16-21541**
Chapter **13**

# FOURTH AMENDED - CHAPTER 13 PLAN

1. **Payments to the Trustee:** The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$4,595.57** per month for **60** months.

   Total of plan payments: **$275,734.20**

2. **Plan Length:** This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
   (1) Trustee's Fee: **5.00%**
   (2) Attorney's Fee (unpaid portion): **NONE**
   (3) Filing Fee (unpaid portion): **NONE**

   b. Priority Claims under 11 U.S.C. § 507

   (1) Domestic Support Obligations

   (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   **-NONE-**

   (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
   |---|---|---|
   | **-NONE-** | | |

   (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   Claimant and proposed treatment: **-NONE-**

(2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| Cook County Assessor's Office | 6,594.42 | 3.00% |
| Indiana Department of Revenue | 1,383.19 | 3.00% |
| Internal Revenue Service | 2,618.27 | 3.00% |

c. Secured Claims

(1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| -NONE- | | |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| Banco Popular N.A. | 26,853.37 | 509.84 | 5.25% |
| Indiana Department of Revenue | 1,580.39 | 199.59 | 3.00% |

(b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| Chase Auto Finance | 51,975.33 | 1,129.81 | Contract Rate |
| GM Financial | 19,901.22 | 377.84 | 5.25% |
| United Consumer Financial Services | 511.33 | 9.71 | 5.25% |
| Wells Fargo Home Mortgage | 20,834.43 | 402.79 | 6.00% |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

d. Unsecured Claims

(1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

(2) General Nonpriority Unsecured: Other unsecured debts shall be paid a pro rata base rate, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| Wells Fargo Home Mortgage | 12,312.20 | 0.00% |

6. The Debtor shall make regular payments directly to the following creditors:

    | Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
    |---|---|---|---|
    | -NONE- | | | |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
    **Debtor's Employer:**

    **ArcelorMittal**
    **$2,121.03 to be deducted Bi-weekly and remitted to the Trustee.**

8. The following executory contracts of the debtor are rejected:

    | Other Party | Description of Contract or Lease |
    |---|---|
    | **Pawnee Leasing** | **Guaranteed for business** |
    | | **22 month lease agreement for equipment beginning 2/27/2015** |
    | | **7 months remaining** |
    | **Time Payment Corp** | **Guaranteed for business** |
    | | **36 month lease for equipment from 9/3/2014-9/3/2017** |
    | | **15 months remaining** |

9. Property to Be Surrendered to Secured Creditor

    | Name | Amount of Claim | Description of Property |
    |---|---|---|
    | **BMO Harris Bank** | **82,975.15** | **7144 Dove Drive Schererville, IN 46375 Lake County** |
    | **Ditech** | **306,700.00** | **7144 Dove Drive Schererville, IN 46375 Lake County** |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

    | Name | Amount of Claim | Description of Property |
    |---|---|---|
    | -NONE- | | |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

**Debtors own and will reside in the real property (the "Real Property") located at 120 W. Hickory, Chicago Heights, IL 60411 and more particularly described as follows:**

> **Lot 6 in the subdivision of a strip of land 50 feet in width lying immediately North of and adjacent to the North right of way line of the Michigan Central Railroad and extended from the West line of Euclid Avenue, West 266 feet to the city limits of Chicago Heights and the resubdivision of lots 23, 24, 29, 30, 31, 32, 33 and 34 and the South 10 feet of lots 22 and 35 in block 221 in Chicago Heights, all in the East 1/2 of the Southwest 1/4 of Section 20, Township 35 North, Range 14, East of the third principal meridian, according to the plat thereof recorded July 24, 1913 as document number 5232277, in Cook County, Illinois.**
>
> **Parcel ID: 32-20-331-017-0000**

**That the Real Property is encumbered by two mortgages:**

   **1. Wells Fargo Bank, N.A., account number 7448740, holds, the first mortgage, originally recorded on February 17, 1999, with identification of recording number 99212917, in the Office of the Recorder of Deeds of Cook County, Illinois, in the approximate amount of $105,000.00.**

   **2. Banco Popular North America (hereinafter "Banco Popular"), holds a second mortgage, originally recorded on September 29, 2006 with identification of recording number 06272334058, in the Office of the Recorder of Deeds of Cook County, Illinois, in the approximate amount of $230,000.00.**

**That based upon an appraisal of the property obtained July 1, 2016, the value of the Real Property is $60,000.00.**

That Wells Fargo Bank, N.A.'s first lien is in the amount of $33,146.63. That as a result, Banco Popular's second mortgage is secured only in the approximate amount of $26,853.37. The remainder due and owing to Banco Popular is deemed unsecured and shall be entitled to a pro rata distribution with all other general unsecured creditors. In this case, the approximate value of Debtors' Real Property is $60,000.00 and the second lien of Banco Popular is avoided or "crammed down" to the amount of its secured claim in the Real Property.

Unless otherwise stipulated and/or agreed to by Banco Popular, the value of the Real Property will be established by the order of this Court upon final evidentiary hearing or adversary proceeding. All references to the value of the Real Property in this Plan is for reference only and will not be deemed accurate until approval or order of the Court.

Banco Popular's Secured Claim in the amount of $26,853.37 shall be amortized over 5 years at 5.25% and paid back over the entire 60 months of the Plan at a rate of $509.84 per month. This shall satisfy the Secured Claim of Banco Popular and Banco Popular shall file a release of mortgage once the final payment is made pursuant to the terms of the Plan.

Debtors have filed amended 2013 and 2014 tax returns. These amended returns indicate that Debtors are entitled to receive refunds. Debtors shall turnover all refunds received to the Trustee so that all unsecured creditors shall receive at least what they would receive if this case were a case under Chapter 7. For each subsequent year, Debtors shall turnover to the Trustee all net tax refunds in excess of $750.00 that they receive during the life of this Plan

Date 10/20/2016  Signature  
Robert Phillips  
Debtor

Date 10/20/2016  Signature  
Teena Shyree Phillips  
Joint Debtor